IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Luis Alberto Lopez-Palomeque, #15069-171, ) | C/A No. 0:13-1940-MGL-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, McRae Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Luis Alberto Lopez-Palomeque ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. A federal prisoner at McRae Correctional Institution, Petitioner was sentenced in the District of South Carolina after pleading guilty to violating 8 U.S.C. § 1326(a)(2) and § 1326(b) (illegal re-entry of aggravated felon into the United States). (Pet. ¶ 2(c)–(d); ECF No. 1 at 2.) Petitioner challenges the legality of his sentence, contending that the federal Bureau of Prisons ("BOP") failed to credit him with time previously spent in custody. (Pet. ¶ 7(b); ECF No. 1 at 4.)

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be transferred to the United States District Court for the Southern District of Georgia.

I.  **Factual Background**

Petitioner alleges that he was arrested on August 26, 2011, for a probation violation. (ECF No. 1-1 at 2.) While in custody, on October 12, 2011, the federal government entered an indictment against him on the illegal re-entry charges. On November 14, 2011, Petitioner was sentenced to an eight-month term for his probation violation, and on April 26, 2012, he received a thirty-six month

sentence on the illegal re-entry charge.  According to Petitioner, the sentencing judge ordered the latter sentence to be served concurrently with the former.  Petitioner complains that BOP is denying him credit against his sentence for time he had already spent in custody, mistakenly contending that his sentence began on the date of its imposition.  (ECF No. 1-1 at 2–3.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214; and in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  This court is charged with screening the Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe pro se petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When

Page 2 of 5
PJG

a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Moreover, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper method to challenge the execution of a federal sentence, such as the administration of parole, sentence computation by prison officials, or prison disciplinary actions. United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)).

Under established precedent, a § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district that can acquire *in personam* jurisdiction of a petitioner's custodian. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494–500 (1973); United States v. Lynch, 647 F. Supp. 1293, 1296–97 (D.S.C. 1986). Petitioner's current custodian—and the only proper respondent in this case—is located in the Southern District of Georgia, and is

only subject to service in that District.  See <u>Norris v. Georgia</u>, 522 F.2d 1006, 1009 n.2 (4th Cir. 1975) (noting that, absent "direct statutory authority for doing so . . . the court has no 'blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting'" (citation omitted)).  This court, a federal court within the state of South Carolina, cannot obtain *in personam* jurisdiction over Petitioner's custodian.  Because § 2241 petitions are properly brought only in the federal district in which the petitioner is incarcerated, <u>In re Jones</u>, 226 F.3d 328, 332 (4th Cir. 2000), and because Petitioner's custodian is properly subject to service in the Southern District of Georgia, this case should be transferred to that court for further processing.

In light of the absence of jurisdiction for this court to consider this case, no recommendation on the merits of the Petition is made herein.

**RECOMMENDATION**

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  Based on the foregoing, it is recommended that the United States District Court for the District of South Carolina transfer this case to the United States District Court for the Southern District of Georgia.  If this recommendation to transfer this case is accepted, the United States District Court for the Southern District of Georgia would be free to determine the procedural and substantive merits of the Petition.

October 7, 2013  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).