IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| LUIS ALBERTO LOPEZ-PALOMEQUE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 313-088 |
| ) | |
| STACEY N. STONE, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at McRae Correctional Facility, in McRae, Georgia, commenced the above-captioned petition pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I.   BACKGROUND

On December 12, 2007, in the United States District Court for the District of South Carolina, Petitioner was sentenced to thirty-seven months of imprisonment and three-years of supervised release for conspiracy to possess with intent to distribute 500 grams or more of cocaine. (Doc. no. 27, Ex. D, ¶ 6 & Att. 2.) On August 19, 2009, the District of South Carolina issued an amended judgment in that case to reflect a reduction in sentence to time served. (Id. ¶ 7 & Att. 3.) The Bureau of Prisons ("BOP") received

this amended judgment on August 27, 2009, eight days past his release date, and released Petitioner to begin his supervised release,. (Id. ¶ 8 & Att. 4.) On September 15, 2009, Petitioner was deported to Mexico by Immigration and Customs Enforcement ("ICE"). (Id. ¶ 9 & Att. 5.)

On May 16, 2010, Petitioner was arrested in South Carolina by state officials and charged with driving under the influence, no vehicle license, and open container. (Id.) On May 17, 2010, he was released on a personal recognizance bond. In June 2010, Petitioner was tried in absentia and found guilty of these charges. (Id.)

Alerted by South Carolina authorities of Petitioner's arrests and convictions, Petitioner was taken into federal custody on August 25, 2011 pursuant to an arrest warrant issued for violation of his supervised release in his 2007 sentence. (Id.; doc. no. 27, Ex. D, ¶ 11 & Atts. 6.)

On September 27, 2011, Petitioner was indicted on a separate federal charge for illegal re-entry, and arraigned on October 12, 2011. (Id. ¶ 12 & Atts. 8, 9.)

On November 14, 2011, Petitioner's supervised release was revoked in his 2007 case, and he was sentenced to eight months of imprisonment. (Id. ¶ 13 & Att. 10.) While serving this sentence, on April 26, 2012, Petitioner was sentenced in his illegal re-entry case to thirty-six months of imprisonment. (Id. ¶ 14 & Att. 11.) United States District Judge R. Bryan Harwell ordered Petitioner's thirty-six month sentence to run concurrent to his existing sentence of eight months of imprisonment. (Id.)

BOP calculated Petitioner's projected release date of August 6, 2014 by aggregating his eight month sentence with the thirty-six month sentence. (Id. ¶ 18 & Att.

1.) BOP commenced the new thirty-six month term on the date it was imposed, April 26, 2012, while the initial eight month sentence continued to run, which resulted in a combined total term of three years, five months, and twelve days. (Id. ¶ 18-20 & Att. 1.) Prior custody credit was applied to the computation from the following dates: (1) the eight days served past his release date, from August 20, 2009, through August 27, 2009; (2) the two days Petitioner spent in state custody, from May 16, 2010, through May 17, 2010; and (3) the date Petitioner was arrested pursuant to violation of his supervised release through the date he was sentenced for this violation, from August 25, 2011, through November 13, 2011. (Id. ¶ 22 & Att. 1.) BOP also presumes Petitioner will earn 140 days of projected Good Time Credit. (Id.)

Petitioner filed a 28 U.S.C. § 2255 motion in July 2013, claiming that BOP failed to properly credit him for prior time served and that his counsel was ineffective for failing to request such credit. (Doc. no. 27, Ex. B.) The United States District Court for the District of South Carolina found his § 2255 motion untimely and meritless, noting that a claim for credit against a sentence must be sought under 28 U.S.C. § 2241. (Id., Ex. C.)

Petitioner filed the present § 2241 petition in the District of South Carolina arguing (1) BOP has refused to run his two sentences fully concurrently, (2) BOP has failed to credit his thirty-six month sentence for the time he was in custody from October 12, 2011, to the date his thirty-six month sentence was imposed on April 26, 2012, (3) in which case his attorney was constitutionally ineffective for failing to request credit for time previously spent in custody, and (4) the government has violated the due process

3

clause by denying this credit. (See generally doc. nos. 1, 1-1.) The case was transferred to this District because Petition is confined at McRae Correctional Facility. (Doc. no. 15.) Respondent maintains that Petitioner's projected release date of August 6, 2014 is correct because BOP correctly began the concurrency of his thirty-six month sentence from the date of that sentencing. (Doc. no. 27, pp. 5-7.) Additionally, BOP properly credited Petitioner the time he was in custody from October 12, 2011, through April 26, 2012 to his eight month sentence and he cannot receive "double credit" for his detention time. (Id. at 7-9.) Lastly, Respondent asserts that Petitioner's third and fourth claims fail because they do not satisfy the requirements of the savings clause of 28 U.S.C. § 2255(e). (Id. at 9-11.)

## II. DISCUSSION

### A. Petitioner's Thirty-Six Month Sentence Does Not Run From the Date He Was In Custody Pursuant to His Eight Month Sentence Because a Sentence Cannot Commence and Run Concurrently Prior to the Date of Imposition.

Petitioner claims that his thirty-six month sentence should run from the date he was first in custody pursuant to his eight month sentence because his judgment and conviction stated that his thirty-six month sentence would run concurrent to his existing sentence of eight months of imprisonment. (Doc. no. 1, p. 3; doc. no. 1-1; doc. no. 27, Ex. D, Att. 11.)

After sentence is pronounced, the computation of a federal sentence is committed to BOP. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through . . .

4

BOP, has the responsibility for administering the sentence."). The applicable statute states in pertinent part:

> **(a) Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

"The Eleventh Circuit has examined the meaning of the term 'concurrent' and has concluded that where a petitioner's second conviction is ordered to run 'concurrent' with the undischarged term of imprisonment from a related first conviction, the second sentence cannot be applied retroactively." DiVito v. Wells, CV 311-005, 2011 WL 5844495 at *4 (S.D. Ga. Oct. 18, 2011) *report and recommendation adopted*, CV 311-005, 2011 WL 5854944 (S.D. Ga. Nov. 21, 2011) (citing Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (*per curiam*)). In other words, "a sentence cannot begin before the date it is pronounced, 'even if made concurrent with a sentence already being served.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (*per curiam*). Similarly, Program Statement ("PS") 5880.28 of the Sentence Computation Manual – CCCA of 1984 provides "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." PS 5580.28 at 1-13.[1]

Here, Petitioner was sentenced in his illegal re-entry on April 26, 2012, and began serving his sentence on that date. See DiVito, CV 311-005, 2011 WL 5844495 at *4. Petitioner's thirty-six month sentence cannot run prior to that date as he wishes because

---

[1] *Available at* http://www.bop.gov/policy/progstat/5880_028.pdf (last visited June 10, 2014).

this sentence cannot be applied retroactively. Id.; Flores, United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). Accordingly, Petitioner's first claim is meritless.

### B. Petitioner Is Not Entitled to the Jail Credit He Seeks Because He Cannot Receive Double Credit for His Detention Time.

Petitioner next argues that he is entitled to double credit for the time he was in custody pursuant to his eight-month sentence to the date of sentencing in his illegal re-entry case because he was awaiting sentencing on the charge of illegal re-entry that led to the thirty-six month sentence. (Doc. no. 1, pp. 3-4, 6; doc. no. 1-1.) BOP properly credited this time to his eight-month sentence and he cannot receive "double credit" for the time by also crediting it to his thirty-six month sentence.

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585(b) and by PS 5880.28.

18 U.S.C. § 3585(b) provides:

**(b) Prior Custody Time Credit**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

**(1)** as a result of the offense for which the sentence was imposed; or
**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

In enacting section 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." Rey, 359 F. App'x at 90 (citing Wilson, 503 U.S. at 337) (holding that petitioner was not entitled to double credit against second federal sentence for time spent in detention between dates first and second federal sentences were imposed, which was already credited against first sentence). PS 5880.28 similarly

provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence. PS 5580.28 at 1-16.

Here, Petitioner was serving his eight-month sentence when sentenced to thirty-six months of imprisonment on his illegal re-entry charge. (Doc. no. 27, Ex. D, ¶ 14 & Att. 11.) Furthermore, as explained in § II.A, supra, Petitioner's thirty-six month sentence commenced on April 26, 2012, the date it was imposed, and he could receive no credit for time served before that date if that time already was credited toward his eight-month sentence. See 18 U.S.C. § 3585; Rey, 359 F. App'x at 90. Time spent in prison before his thirty-six month sentence was imposed *was* credited, but towards his eight-month sentence. (Id. ¶ 16 & Att. 5.) Thus, Petitioner's argument that he is entitled to credit on his thirty-six month sentence for time spent in prison before that sentencing is misguided, as he has already received credit for this time on his eight-month sentence. Accordingly, Petitioner's second claim is without merit.

### C. Petitioner's Remaining Claims Cannot Be Raised in This Petition.

Lastly, Petitioner argues that his attorney was constitutionally ineffective for failing to request credit for time previously spent in custody and the government has violated the due process clause by denying this credit. (See generally doc. nos. 1, 1-1.)

As Petitioner challenges the imposition or validity of his conviction or sentence, these claims are properly raised in a motion to vacate sentence pursuant to 28 U.S.C. § 2255: "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per*

*curiam*); see also Jones v. Warden, FCC Coleman-Medium, 520 F. App'x 942, 944 (11th Cir. 2013) (*per curiam*). By contrast, a habeas corpus petition under § 2241 generally attacks only the execution or carrying out of an initially valid confinement. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Additionally, an action in which an individual seeks to collaterally attack his conviction should be filed under § 2255 in the district of conviction, not in the district of imprisonment. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Therefore, a § 2255 motion would not be proper in this District.

Nor may Petitioner use this § 2241 petition to attack his conviction and sentence through the savings clause of § 2255. A federal prisoner may only resort to § 2241 to challenge the validity of his conviction or sentence upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e).

Here, Petitioner has not raised a savings clause argument. Additionally, he already attempted to bring these claims in a § 2255 motion and his petition was barred as untimely. Petitioner does he give any indication that such a remedy would be "inadequate or ineffective." Indeed, Petitioner has not attempted to bring a second § 2255 motion. As such, the Court will not allow Petitioner to improperly bootstrap these claims to his § 2241 petition.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be

**ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 13th day of June, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA